IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
Eastern Division

| | | |
|---|---|---|
| RICHARD F. ANGEVINE,<br>individually and on behalf of<br>all those similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Cause No. |
| vs. | )<br>) | |
| ANHEUSER-BUSCH COMPANIES<br>PENSION PLAN, | )<br>)<br>) | |
| and | )<br>) | |
| STATE STREET BANK & TRUST CO.,<br>in its capacity as Trustee of the<br>Anheuser-Busch Companies<br>Pension Plan, | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| ANHEUSER-BUSCH COMPANIES, INC.,<br>a Delaware corporation, | )<br>)<br>) | |
| and | )<br>) | |
| ANHEUSER-BUSCH INBEV, N.V.,<br>a Belgian corporation, | )<br>)<br>) | |
| Defendants. | ) | |

**COMPLAINT FOR BREACH OF FIDUCIARY DUTY UNDER ERISA**

Plaintiff Richard F. Angevine, for his complaint against defendants, states:

1.  Plaintiff Richard F. Angevine is a citizen of Florida who resides in Orlando, Florida and maintains a home for his family in St. Louis County, Missouri.

1

2. Angevine agreed to move to Florida from St. Louis at the request of his employer, Busch Entertainment Corporation ("Busch Entertainment"), to maintain and protect his retirement and pensions rights under the pension plan described herein.

3. Defendant Anheuser-Busch Companies Pension Plan (the "Plan") is a defined benefits employee pension benefit plan. The Plan is subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001—1461 ("ERISA").

4. This action is brought under ERISA, and specifically under: 29 U.S.C. § 1132(a)(1)(B), which provides that a civil action may be brought by a participant in a plan to enforce his rights under the terms of a plan or to clarify his rights to future benefits under a plan; and 29 U.S.C. § 1132(a)(3), which provides that a civil action may be brought by a participant in a plan to enjoin any acts or practices which violate ERISA or the terms of the plan, or to obtain other equitable relief to redress violations of the plan, or to enforce any provisions of ERISA or the terms of the plan.

5. This court has jurisdiction over the action herein under 29 U.S.C. § 1132(e)(1), which gives the district courts of the United States and state courts of competent jurisdiction concurrent jurisdiction of actions brought under 29 U.S.C. § 1132(a).

6. Venue is proper in the Eastern District of Missouri, Eastern Division, under 29 U.S.C. § 1132(e)(2), because the Plan is administered in this district, the breach took place in substantial part in this district, and one or more of the defendants may be found in this district.

7. Defendant State Street Bank and Trust Company is the trustee of the Plan and is a fiduciary of the Plan.

8. Defendant Anheuser-Busch Companies, Inc. ("ABC") is a Delaware corporation registered to do business in Missouri. ABC owns companies engaged in various businesses, including brewing, marketing, and distributing beer. Until December 1, 2009, ABC owned Busch Entertainment, Angevine's employer.

9. The Plan provides retirement income to present and former salaried employees of the divisions and subsidiaries of ABC.

10. ABC is the administrator of the Plan and is a fiduciary of the Plan.

11. Defendant Anheuser-Busch InBev, N.V. ("A-B InBev"), is a Belgian corporation.[1] A-B InBev, then known as InBev, N.V., acquired the Anheuser-Busch Companies in a transaction that closed November 18, 2008.

12. ABC and its operating divisions and subsidiaries are referred to jointly in the Plan as the "Controlled Group." ABC and each of its divisions and subsidiaries that employ or employed individuals who participate in the Plan are each referred to in the Plan as a "Participating Employer."

13. A-B InBev owns directly or indirectly 50 percent or more of the combined voting power of all classes of stock entitled to vote the shares of ABC and the members

---

[1] The designation "N.V." is the abbreviation for the Flemish phrase, "Naamloze Vennootschap," used by some Belgian companies as the functional equivalent of the U.S. terms "incorporated" or "corporation."

of the Controlled Group, and is therefore a party in interest in the Plan and is a fiduciary of the Plan.

14. At all times relevant to this complaint, Angevine was a salaried employee of Busch Entertainment and a participant in the Plan.

15. Busch Entertainment was sold to Blackstone Capital Partners V, L.P. ("Blackstone") in a transaction that closed December 1, 2009.

16. Until its sale to Blackstone, Busch Entertainment was at all relevant times a wholly-owned subsidiary of ABC, a member of the Controlled Group, and a Participating Employer in the Plan. Upon its sale to Blackstone, Busch Entertainment was no longer a wholly-owned subsidiary of ABC, a member of the Controlled Group, or a Participating Employer in the Plan.

17. The Plan includes certain provisions for enhanced retirement benefits in case of a "change in control" in a Participating Employer. These provisions, which are found in Section 19.11 of the Plan, state:

> (a) A Change in Control shall occur on an "Acceleration Date" as defined in the Company's 1998 Incentive Stock Plan, as amended from time to time, or any successor plan thereto....
>
> (d) The Accrued Benefit of each Participant who is actively employed by a Participating Employer as of the date of a Change in Control shall be fully vested.
>
> (e) Notwithstanding anything, during the three (3) years following a Change in Control,
>
>> (i) the classifications of Eligible Employees shall not be reduced or enlarged,

        (ii)    the formulas for determining Participants' Normal Retirement Benefits, Late Retirement Benefits, Early Retirement Benefits, Death Benefits and Termination Benefits and the forms of payment available under the Plan shall not be reduced, and

        (iii)    no other benefits, rights and features (within the meaning of the regulations under Section 401(a)(4) of the Code) available to Participants shall be eliminated.

  (f)    The Normal Retirement Benefit, Late Retirement Benefit, Early Retirement Benefit or Termination Benefit of any Participant under the Supplement for the Anheuser-Busch Salaried Employees' Pension Plan … whose employment with the Controlled Group is involuntarily terminated within three (3) years after the Change in Control … shall be determined by taking into account an additional five (5) years of Credited Service and for purposes of Section 4.3 only, an additional five (5) years of age, and shall in any event be at least fifteen percent (15%) larger than the Participant's Normal Retirement Benefit, Late Retirement Benefit, Early Retirement Benefit or Accrued Benefit, as calculated without regard to this Section 19.11(f) as of the date the Participant's employment with the Controlled Group ends; provided that nothing in this Section 19.11(f) shall cause acceleration of a Participant's Payment Date under the Plan.

18.    Section 3 of the Plan ("Service and Re-Employment") incorporates Section 3 of the Supplement for the Anheuser-Busch Salaried Employees' Pension Plan (the "Supplement"), stating: "See Section 3 of each Supplement."

5

19. Section 3.1 of the Supplement states:

    3.1   <u>Severance from Service Date</u>

Except as otherwise provided in Section 3.2, the Severance from Service Date of an Employee shall be the earlier of:

(a) the date on which the Employee resigns, retires, dies or is discharged from employment with all members of the Controlled Group, including for this purpose a termination of employment in connection with sale of part or all of its interest in an incorporated or unincorporated business or assets by a member of the Controlled Group.…

20. Section 4 of the Plan ("Retirement and Disability Benefits") incorporates Section 4 of the Supplement, stating: "See Section 4 of each Supplement."

21. Section 4.3 of the Plan, referenced in Section 19.11(f) of the Plan, is found in Section 4.3 of the Supplement, which states:

    4.3   <u>Early Retirement Benefits</u>

(a) <u>Unreduced Early Retirement Benefit</u>: A Participant whose Credited Service ends on or after attainment of age fifty-eight (58) and completion of thirty (30) years of Vesting Service or employment as an Eligible Employee under this Supplement or the Prior Separate Plan shall be entitled to an Early Retirement Benefit equal to the Participant's Accrued Benefit determined as of the Participant's Early Retirement Date.…

22. 1998 Incentive Stock Plan, whose definition of "Acceleration Date" found in Section 11(a) thereof is referenced in Section 19.11(a) of the Plan, states in Section 4(c) thereof:

Except to the extent otherwise expressly provided in the Award Document or determined by the Committee, termin-

>ation of employment includes the separation of a Recipient, directly or through the separation of his or her Employer, from the group of companies comprised of the Company and its Subsidiaries and Affiliates for any reason, including: …
>(ii) separation of the Employer by any method which results in the Employer ceasing to be a Subsidiary or an Affiliate.

23. The closing of InBev, N.V.'s acquisition of Anheuser-Busch Companies, Inc., on November 18, 2008, effected a "Change in Control" under the Plan as of that date.

24. Angevine's accrued benefits under the Plan fully vested November 18, 2008.

25. The sale of Busch Entertainment to Blackstone on December 1, 2009, involuntarily terminated Angevine's "employment with the Controlled Group" as of that date. This date was within three years of the Change in Control, thereby entitling Angevine and the other Plan participants employed by Busch Entertainment on the date of the sale to enhanced retirement benefits under Section 19.11(f) of the Plan.

26. Angevine's retirement benefits under the Plan must be increased as of and after December 1, 2009, and thereafter, by calculating his benefits with the addition of five years to his years of service to the Controlled Group, with such increase equaling not less than a 15% increase compared to the retirement benefits Angevine would have had under the Plan but for the involuntary termination of his employment with the Controlled Group on December 1, 2009.

27. In addition, with the additional five years of age provided to Angevine by Section 19.11(f) of the Plan as a result of the involuntary termination of his employ-

ment by the Controlled Group upon the closing of the sale of Busch Entertainment to Blackstone, Angevine is entitled to early retirement benefits under Section 4.3(a) of the Supplement incorporated into the Plan.

28.   The sale of Busch Entertainment to Blackstone was not the first sale of a member of the Controlled Group following the Change in Control on November 18, 2008. On or about October 1, 2009, A-B InBev closed on the sale of four metal can and lid manufacturing plants (the "can business") by its subsidiary, Metal Container Corporation, a member of the Controlled Group, to Ball Corporation, which is not a member of the Controlled Group.

29.   In connection with the sale of the can business, which involved Ball Corporation employing former Metal Container Corporation employees, defendants took the position that, with respect to those employees who became employed by Ball Corporation as a result of the transaction, those employees' employment with the Controlled Group had not terminated for purposes of the Plan. In advance of the sale of the can business, defendants provided a set of "frequently asked questions" to all salaried employees of Metal Container Corporation containing the following question and answer:

> **Am I eligible for the +5/+5 enhancement applicable to involuntary termination of employment within 3 years of the InBev change in control?**
>
> If you are offered a position with Ball, you will not be eligible for the +5/+5 enhancement upon the date of your separation from employment with MCC or at the time of your termination of employment with Ball.

30. Defendants refused to apply the provisions of Section 19.11(f) of the Plan to determine the future retirement benefits of the Plan participants who became employed by Ball Corporation as a result of the transaction.

31. Defendants also refused to credit the Plan participants who became employed by Ball Corporation as a result of the transaction with an additional five years of age to determine eligibility for an early retirement benefit.

32. Similarly, in connection with the sale of Busch Entertainment, defendants are taking the position that those employees who became employed by Blackstone in the entertainment-park business (the former Busch Entertainment business), have not had their employment with the Controlled Group terminated for purposes of the Plan.

33. On or about November 27, 2009, defendants sent by email a document concerning benefits and compensation for BEC salaried employees captioned, "Salaried Employee Transition Frequently Asked Questions." The document states that a copy was sent to all BEC salaried employees. An examination of the recipient list shows that it was sent to the approximately 800-850 BEC salaried employees who are Plan participants.

34. The November 27, 2009 frequently-asked-questions document states:

> **What is the effect of the sale on my participation in the pension plan?**
>
> You will stop accruing benefits in the Anheuser-Busch Salaried Employee Pension Plan as of the date of the sale transaction. You are eligible for a pension distribution at any time after you turn age 55....

**When can I begin receiving my pension benefit?**

You may begin receiving your pension benefit at any time after age 55. If you elect to start receiving your pension benefit before age 65, the amount of your benefit may be reduced. The amount of the reduction depends on your years of vesting service and your age on the date of the closing of the sale of BEC to the Blackstone Group....

**Am I eligible for the +5/+5 enhancement applicable to involuntary terminations of employment within 3 years of the InBev change in control?**

You will not be eligible for the +5/+5 enhancement upon the date of your separation from active participation in the Anheuser-Busch Salaried Employees' Pension Plan or at the time of your termination of employment with BEC after the sale is finalized.

35.     ABC or the Plan maintain an online pension benefits calculator that Plan participants can use to determine their benefits under the Plan given any particular set of assumptions. On or about November 30, 2009, Angevine used this pension benefits calculator to determine his retirement benefits both with and without the +5/+5 enhancement. The pension benefits calculator indicated that with the +5/+5 enhancement, Angevine would be entitled to a lump sum retirement benefit approximately $385,000 greater than he would without such an enhancement

36.     Defendants refuse to apply the provisions of Section 19.11(f) of the Plan to determine Angevine's future retirement benefits and refuse to apply those provisions to determine the future retirement benefits of the other Plan participants who have now become employed by Blackstone as a result of the transaction.

37. Defendants refuse to credit Angevine and the other Plan participants who became employed by Blackstone as a result of the transaction with an additional five years of age to determine eligibility for an early retirement benefit.

38. A-B InBev and ABC have announced that they intend to sell other businesses, divisions, and subsidiaries that employ individuals who are participants in the Plan, and to do so within the three-year period following the Change in Control.

39. On information and belief, it is defendants' plan and intention to continue to treat employees of the sold businesses who obtain employment with the buyers of those businesses as not terminated from the Controlled Group for purposes of the Plan; to continue to refuse to apply the provisions of Section 19.11(f) of the Plan to determine the future retirement benefits of those participants; and to continue to refuse to credit those participants with an additional five years of age to determine eligibility for an early retirement benefit.

40. In each of the particulars described above, the defendants failed to comply with the Plan's governing documents thereby breached their fiduciary duties.

41. In each of the particulars described above, ABC and A-B InBev intentionally decided to adopt an interpretation of the Plan's governing documents to reduce the cost of the Plan to them, knowing or believing that such interpretation was contrary to the plain language of the Plan and was contrary to the intent of the Plan sponsors at the time the Plan was formed. ABC and A-B InBev did not adopt their interpretation of the Plan in good faith, but for the improper purpose of keeping money owed to the

participants for themselves to use in helping to pay for ABC and A-B InBev's purchase of Anheuser-Busch Companies, Inc., and its subsidiaries.

42. ABC's conduct was intentional and malicious and a knowing violation of its fiduciary duties to the participants, and should be punished by an award of punitive damages.

43. A-B InBev's conduct was intentional and malicious and a knowing violation of its fiduciary duties to the participants, and should be punished by an award of punitive damages.

44. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Angevine proposes to represent a plaintiffs class consisting of all participants in the Plan who are employed by a division or subsidiary of ABC that is sold in whole or in part to a buyer outside of the Controlled Group during the period November 18, 2008 through November 17, 2011, and who is then employed by the new owner of the division or subsidiary or part thereof.

45. The proposed class includes approximately 1000 individuals, including the former Controlled Group salaried employees who worked for the can business or for the Busch Entertainment business.

46. The members of the proposed class are so numerous that joinder of all members is impracticable. Moreover, it would be inefficient and a great waste of judicial resources to require each member of the proposed class to bring a separate action.

47. There are questions of law and fact common to all of the members of the proposed class, chief of which are:

    a. Whether each class member's employment with the Controlled Group terminated within the meaning of Section 19.11(f) of the Plan when the business for which he or she worked was sold to a buyer outside the Controlled Group even if he or she thereupon became employed by the new owner of the business.

    b. Whether each class member is entitled to have all of their accrued retirement benefits increased under Section 19.11(f) and vested at this higher amount as of the date the business for which they worked was or is sold to a buyer outside of the Controlled Group.

    c. Whether each class member who has at least 25 years of Vesting Service or employment, as defined in the Plan, is entitled to retire at age 53 without reduced benefits.

    d. Whether ABC or A-B InBev or both can be compelled by the court to contribute to the trust funding the Plan sufficient assets to fully fund the increase in retirement benefits to be provided to the class members under Sections 4.3 and 19.11(f) of the Plan.

    e. Whether the class members are entitled to recover attorneys' fees from one or more of the defendants under 29 U.S.C. § 1132(g)(1).

    f. Whether the class members are entitled to recover punitive damages from ABC

    g. Whether the class members are entitled to recover punitive damages from A-B InBev.

48. Angevine's claims are typical of the claims of the members of the proposed class.

49. Angevine's claims are not subject to any defense not generally applicable to the members of the proposed class.

50. Angevine will fairly and adequately protect the interests of the proposed class. To that end, Angevine has retained capable and experienced lawyers, including lawyers with extensive class action experience.

51. This case is properly certifiable as a class action under all three branches of Rule 23(b), in that: (A) inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for the defendants; (B) the defendants have acted and refused to act on grounds that apply generally to the class; and (C) the questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

WHEREFORE, plaintiff Richard F. Angevine requests that the court enter the following orders and grant judgment in favor of Angevine and his proposed plaintiffs class as follows:

A. Enter judgment in favor of Richard F. Angevine and against all defendants awarding Angevine him early retirement benefits under Section 11.19(f) of the Plan from and after December 1, 2009, as though he had five additional years of service and five additional years of age, with prejudgment interest on each payment that should have been made to him

      from December 1, 2009 to the date of judgment, and post-judgment interest, and such other relief as to which he may be entitled.

B. Certify as a plaintiffs class all participants in the Anheuser-Busch Companies Pension Plan employed by a division or subsidiary of ABC that was or will be sold, in whole or in part, in one or more transactions consummated during the period November 18, 2008 through November 17, 2011, inclusive, to one or more buyers who is not a division or subsidiary of Anheuser Busch Companies, Inc., where such participant is then employed by the buyer, or by a subsidiary or affiliate of the buyer, immediately following consummation of the sale;

C. Appoint Richard F. Angevine class representative of the plaintiffs class;

D. Appoint Angevine's lawyers, Joseph R. Dulle and the law firm Stone Leyton & Gershman, P.C., and Joe D. Jacobson and Allen P. Press and the law firm Green Jacobson, P.C., class counsel;

E. Enter judgment that defendants Anheuser-Busch Companies Pension Plan, State Street Bank and Trust Company, Anheuser Busch Companies, Inc., and Anheuser-Busch InBev, N.V., did each individually and in combination breach their respective fiduciary duties to the class members by failing to comply with the Plan's governing documents in refusing to treat the class members' employment with the Controlled Group as terminated under Sections 4.3 and 19.11(f) of the Plan;

F. Enjoin defendants from continuing to treat the class members as though their employment with the Controlled Group was not terminated effective as of the date that they were first employed by a buyer of the division or subsidiary by whom they were employed;

G. Order defendants Anheuser Busch Companies, Inc., and Anheuser-Busch InBev, N.V., to make contributions of assets to the trust funding the Plan sufficient to fully fund the additional benefits to which the class members are entitled under Section 4.3 and 19.11(f) of the Plan;

H. Award the class attorneys' fees against defendants;

I. Award the class punitive damages against defendants Anheuser Busch Companies, Inc., and Anheuser-Busch InBev, N.V.;

J. Award the class pre-judgment and post-judgment interest;

K. Award plaintiff Richard F. Angevine and any other class member who may be appointed a class representative an incentive payment to fairly compensate him (or them) for the time and effort expended to prosecute the interests of the class; and

L. Award Angevine's lawyers attorneys' fees based on a percentage of the amount recovered for Angevine and the class in this action.

M. Award Angevine and the class such further and additional relief as to which they may be entitled.

Respectfully submitted,

STONE, LEYTON & GERSHMAN
A PROFESSIONAL CORPORATION

By: _____
Joseph R. Dulle #3021
7733 Forsyth Blvd., Suite 500
Clayton, MO 63105

Tel: (314) 721-7011
Fax: (314) 721-8660

Email: jdulle@stoneleyton.com


GREEN JACOBSON, P.C.

By: _____
Joe D. Jacobson #3471
Allen P. Press #30074
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

Tel: (314) 862-6800
Fax: (314) 862-1606

Email: jacobson@stlouislaw.com
Email: press@stlouislaw.com

Attorneys for plaintiff Richard F. Angevine and the proposed plaintiffs class

*Copies of this complaint have been served by certified mail, return receipt requested, on the Secretary of Labor and the Secretary of the Treasury of the United States of America.*

T:\A-B Pension Plan\Pleadings\complaint.wpd